IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| ANTONE L. KNOX, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CIV-12-513-W |
| | ) | |
| RANDALL WORKMAN, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing *pro se* and *in forma pauperis*, brings this Petition

for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.  The matter was referred to the

undersigned Magistrate Judge by United States District Judge West for initial proceedings

consistent with 28 U.S.C. § 636(b)(1)(B).

Petitioner is presently a prisoner in the custody of the Oklahoma State Penitentiary,

McAlester, Pittsburg County, Oklahoma, which is located within the territorial jurisdiction

of the Eastern District of Oklahoma.  28 U.S.C. §116(b).  "A petition under 28 U.S.C. § 2241

attacks the execution of a sentence rather than its validity and must be filed in the district

where the prisoner is confined." Haugh v. Booker, 210 F.3d 1147, 1149 (10th Cir.

2000)(internal quotations omitted).  Consequently, this Court lacks jurisdiction over his

Petition.  Nevertheless, "[j]urisdictional defects that arise when a suit is filed in the wrong

1

federal district may be cured by transfer under the federal transfer statute, 28 U.S.C. § 1631, which requires a court transfer such an action if the transfer is in the interest of justice." Id. at 1150 (quotations omitted).   This provision has been interpreted in this circuit to provide a court with discretion to determine whether to transfer an action or instead to dismiss the action without prejudice. Trujillo v. Williams, 465 F.3d 1210, 1222-1223 (10th Cir. 2006).

It appears that Petitioner is challenging on due process grounds a disciplinary proceeding that took place at the Oklahoma State Penitentiary in June 2011 and the punishment imposed for a misconduct conviction.  Petitioner indicates that he exhausted or attempted to exhaust administrative and state court remedies concerning the misconduct. There are no statute of limitations or other issues that would mitigate against a transfer of the instant Petition to the proper district court for disposition.  Therefore, it is recommended that in the interest of justice the action be transferred to the United States District Court for the Eastern District of Oklahoma.

## RECOMMENDATION

Accordingly, it is recommended that this 28 U.S.C. § 2241 Petition for a Writ of Habeas Corpus be transferred to the United States District Court for the Eastern District of Oklahoma.  The Petitioner is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court on or before _____ May 29th ____, 2012, in accordance with 28 U.S.C. §636 and LCvR 72.1. The failure to timely object to this Report and Recommendation would waive appellate review of the recommended ruling.  Moore v. United States of America, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d

2

1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendations are deemed waived.").

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this   8th   day of   May   , 2012.

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE